IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARK LEE BALENTINE                                                                                      PLAINTIFF

v.                                       Civil No. 6:23-CV-06136-SOH-CDC

ORLANDO DOSIA (Inmate, Clark County
Detention Center), JAILER ZACH
MARSHALL (Clark County Detention
Center), and SHERIFF JASON WATSON
(Clark County Detention Center)                                                                       DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on December 13, 2023. (ECF No. 1). He alleges he was attacked by Inmate Dosia on March 22, 2023, while incarcerated in the Clark County Detention Center. (*Id*. at 4). Specifically, he alleges that he and Dosia had an argument and Defendant Marshall came to the barracks. (*Id*.). Marshall was "told by everyone to remove inmate Dosia.

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

He put him back in the barracks." (*Id*.). Dosia then "beat up" Plaintiff, resulting in fractures to his eye socket, nasal cavity, and facial bones. (*Id*.). Plaintiff alleges that after the trip to the emergency room, Defendants Marshall and Watson failed to take him back to the doctor for follow-up care and failed to give him his prescribed medications. (*Id*.). They then "shipped" him on April 7, 2023. (*Id*.). Plaintiff does not describe where he was shipped, but his address is currently in the Arkansas Division of Correction. (*Id*. at 6).

Plaintiff proceeds against Defendants in their official and individual capacities. (*Id*.). He seeks compensatory and punitive damages. (*Id*. at 6).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is

discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Inmate Dosia is not subject to suit under § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).  Based on Plaintiff's allegations, inmate Dosia is not an employee, nor a private contractor, of the Clark County Detention Center. Further, Plaintiff has not alleged that inmate Dosia was acting under the specific order of a correctional officer when he assaulted Plaintiff, or that he enjoyed a position of authority in the Clark County Detention Center which enabled him to harm Plaintiff. *See Pearl v. Dobbs*, 649 F.2d 608, n. 1 (8th Cir. 1981) ("an inmate may act under color of state law for [§] 1983 purposes if that inmate is carrying out a specific order of a correction officer or if he has been granted certain authority that enables him to harm the plaintiff").  Accordingly, Plaintiff's claims against inmate Dosia are subject to dismissal.

### IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's claims against Defendant Inmate Dosia be DISMISSED WITHOUT PREJUDICE and Dosia be terminated as a Defendant in this case.   It is further recommended that Plaintiff's failure to protect and denial of medical care claims against Defendants Marshall and Watson remain for service and further review.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

reminded that objections must be both timely and specific to trigger de novo review by the district court.

**Referral Status:** This case should remain referred to the undersigned for all matters not recommended for dismissal in this Report and Recommendation.

**DATED** this 20th day of February 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE